FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 05, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BULMARO O.,[1]<br><br>            Plaintiff,<br><br>   v.<br><br>FRANK BISIGNANO,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>            Defendant. | No. 1:25-CV-03011-MKD<br><br>ORDER AFFIRMING DECISION<br>OF THE COMMISSIONER<br><br>**ECF Nos. 8, 12** |

Before the Court are the parties' briefs. ECF Nos. 8, 12. D. James Tree represents Plaintiff. Special Assistant United States Attorney Michael Mullen represents Defendant. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court affirms the Commissioner's decision.

---

[1] To protect the privacy of plaintiffs in social security cases, the Court identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

ORDER - 1

## JURISDICTION

On November 19, 2013, Plaintiff applied for Title II disability insurance benefits, alleging a disability onset date of March 23, 2012.  Tr. 71, 176-80, 546.  The application was denied initially and on reconsideration.  Tr. 98-104, 106-10.  Plaintiff appeared before an administrative law judge (ALJ) on January 26, 2016.  Tr. 42-70.  On February 26, 2016, the ALJ denied Plaintiff's claim.  Tr. 19-41.  This Court subsequently remanded the matter on February 21, 2018.  Tr. 647-48.  The ALJ held a second hearing on June 10, 2020.  Tr. 568-94.  On June 22, 2020, the ALJ denied Plaintiff's claim.  Tr. 540-67.  This Court again remanded the matter on February 25, 2022.  Tr. 1337-64.  The ALJ held hearings on January 2, 2024,  August 26, 2024, and November 4, 2024.  Tr. 1231-96.  On November 8, 2024, the ALJ denied Plaintiff's claim.  Tr. 1204-30.  The ALJ's decision following this Court's prior remand became the Commissioner's final decision for purposes of judicial review.  20 C.F.R. § 416.1484.  Plaintiff appealed this decision on January 29, 2025.  ECF No. 1.  The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported

ORDER - 2

by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012) (citations omitted). "Substantial evidence" means "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation marks and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation marks and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), *as amended on reh'g* (Aug. 9, 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. §§ 404.1502(a), 416.902(a) (citation omitted). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* (citation omitted). An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation marks and citation omitted). The party appealing the ALJ's decision

ORDER - 3

generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

**FIVE-STEP EVALUATION PROCESS**

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

ORDER - 4

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

ORDER - 5

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant

ORDER - 6

numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found Plaintiff had not engaged in substantial gainful activity during the period from March 23, 2012, the alleged onset date, through September 30, 2013, his date last insured. Tr. 1213.

At step two, the ALJ found that, through the date last insured, Plaintiff had the following severe impairment: chronic myelogenous leukemia. Tr. 1213.

At step three, the ALJ found that, through the date last insured, Plaintiff did have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 1214.

The ALJ then concluded that Plaintiff had, through the date last insured, the RFC to perform light work with the following limitations: "[H]e could frequently stoop, kneel, crouch, crawl, and climb ramps or stairs. He could occasionally climb ladders, ropes, or scaffolds. He should avoid concentrated exposure to extreme temperatures, and hazards such as unprotected heights." Tr. 1214.

At step four, the ALJ found Plaintiff was unable to perform past relevant work through the date last insured. Tr. 1218. At step five, the ALJ found that, through the date last insured, considering Plaintiff's age, education, work experience, RFC, and testimony from the vocational expert, there were jobs that

ORDER - 7

existed in significant numbers in the national economy that Plaintiff could perform, to include marking clerk, cafeteria attendant, and housekeeper. Tr. 1219. Therefore, the ALJ concluded Plaintiff was not under a disability at any time from March 23, 2012, through September 30, 2013. Tr. 1219.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him disability insurance benefits under Title II of the Social Security Act. Plaintiff raises the following issues for review:

1. Whether the ALJ properly assed the medical opinion evidence; and

2. Whether the ALJ properly assessed Plaintiff's testimony.

ECF No. 8 at 2.

## DISCUSSION

**A. Medical Opinion Evidence**

Because Plaintiff filed his application before March 27, 2017, the ALJ was required to generally give a treating doctor's opinion greater weight than an examining doctor's opinion, and an examining doctor's opinion greater weight than a non-examining doctor's opinion. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). The ALJ may only reject the contradicted opinion of a treating or examining doctor by giving "specific and legitimate" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).

ORDER - 8

Plaintiff argues the ALJ improperly assessed two sets of medical opinions. ECF No. 8 at 7-12.

*1. Dr. Kojouri*

On July 19, 2013, Dr. Kojouri opined that Plaintiff's condition limited his ability to work, look for work, or prepare for work, and described any specific limitations as "unable to lift heavy objects/work long hours." Tr. 866. As to limitations with lifting and carrying, Dr. Kojouri opined that Plaintiff was limited to sedentary work. Tr. 867. On August 6, 2013, Dr. Kojouri again opined that Plaintiff's condition limited his ability to work, look for work, or prepare for work, and in the section of the form where he was asked to describe any specific limits in ability to work, Dr. Kojouri wrote Plaintiff should "avoid lifting heavy objects, standing for long periods of time"; and he indicated Plaintiff should be limited to zero hours of work, defined on the form as "inability to participate." Tr. 862. As to limitations with lifting and carrying, Dr. Kojouri opined that Plaintiff was limited to light work. Tr. 863. The ALJ gave "little weight" to these opinions. Tr. 1216.

The ALJ first discounted the opinions on the ground "they appear to suggest significantly different level of functioning in just a period of one month." Tr. 1216. This finding is legally sound, *see Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999) (noting "internal inconsistencies within … and

ORDER - 9

between" doctors' opinions "constitute relevant evidence"), and supported by substantial evidence, *compare* Tr. 867 (limiting Plaintiff to sedentary work in July 2013), *with* Tr. 863 (limiting Plaintiff to light work in August 2013).

The ALJ next discounted the opinions on the ground they "use terms, such as 'heavy objects, long hours, long periods, and regular work,' which are not defined in the regulations or by policy." Tr. 1216. This finding is also legally sound, as the ALJ may discount opinions that are vague. *See Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) ("Here, the ALJ found that Dr. Zipperman's descriptions of Ford's ability to perform in the workplace as 'limited' or 'fair' were not useful because they failed to specify Ford's functional limits. Therefore, the ALJ could reasonably conclude these characterizations were inadequate for determining RFC.").

Because the ALJ gave at least two valid reasons for discounting these opinions, the Court need not address the balance of the ALJ's stated reasons for discounting them. Any inclusion of erroneous reasons was inconsequential and therefore harmless. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008).

Plaintiff also argues the ALJ erred by discounting Dr. Kojouri's October 2015 opinion. ECF No. 8 at 10-11. The ALJ discounted this and later opinions on the ground they were offered "after the expiration of the date last insured" and

ORDER - 10

consequently "do not reflect [Plaintiff's] level of functioning during the period under review." Tr. 1216. Although the ALJ may consider medical opinions generated after the date last insured, *see Smith v. Bowen*, 849 F.2d 1222, 1225-26 (9th Cir. 1988), such opinions are entitled to less weight than opinions rendered during the period at issue, *see Macri v. Chater*, 93 F.3d 540, 545 (9th Cir. 1996) ("The opinion of a psychiatrist who examines the claimant after the expiration of his disability insured status, however, is entitled to less weight than the opinion of a psychiatrist who completed a contemporaneous exam.").

The ALJ accordingly did not err by discounting Dr. Kojouri's opinions.

*2. LMHC Pietsch*

Mr. Pietsch, Plaintiff's treating mental health counselor, opined, among other things, that Plaintiff had a series of severe and marked limitations, would be off-task over 30% of the time during a 40-hour workweek, and would miss at least four days per month if attempting to work a 40-hour workweek. Tr. 409-11. The ALJ gave this opinion "little weight." Tr. 1217.

The ALJ discounted this opinion "for the reasons stated above." Tr. 1217. Plaintiff contends "it is not clear what 'reasons' he is referring to, nor how any previously-given reasons applied to Mr. Pietsch's opinion specifically." ECF No. 8 at 12. However, in the two paragraphs immediately preceding the ALJ's discussion of Mr. Pietsch's opinion, the ALJ evaluated the opinions of a

ORDER - 11

psychological examiner and the state agency psychological consultants, who, like Mr. Pietsch, assessed Plaintiff's psychological impairments. Tr. 1217.

In crediting the opinion of the psychological examiner, the ALJ noted that the opinion was "consistent with [Plaintiff's] application for disability at the time, which did not include any allegation of a mental impairment." Tr. 1217. In crediting the state agency psychological consultants, who opined that Plaintiff did not have a severe mental health impairment during the period at issue, the ALJ found that evidence reviewed "showed normal mood and effect [sic], normal cognitive function, inappropriate insight and judgment upon mental status evaluations save for reports of anxiety in the context of his cancer diagnosis, and no allegation of a disabling mental impairment during the relevant period." Tr. 1217. The ALJ noted that "Plaintiff's first report of any problems with his mental health to a treating provider appears to have been in August 2015, and his primary care provider prescribed him Trazodone for sleep." Tr. 1217. The Court thus "reasonably" may "discern[]," *Molina*, 674 F.3d at 1121 (quotation marks and citation omitted), that "for the reasons stated above" refers to these preceding two paragraphs. *See Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) ("As a reviewing court, we are not deprived of our faculties for drawing specific and legitimate inferences from the ALJ's opinion."). Plaintiff offers no further argument and thus fails to show the ALJ committed harmful legal error. *See*

ORDER - 12

*Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407-09 (2009)) (holding that the party challenging an administrative decision bears the burden of proving harmful error).

### B. Plaintiff's Testimony

Plaintiff faults the ALJ for failing to rely on reasons that were clear and convincing in discrediting his symptom claims. ECF No. 8 at 12-14. An ALJ engages in a two-step analysis to determine whether to discount a claimant's testimony regarding subjective symptoms. SSR 16-3p, 2016 WL 1119029, at *2 (Mar. 16, 2016). "First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (quotation marks and citation omitted). "The claimant is not required to show that [the claimant's] impairment could reasonably be expected to cause the severity of the symptom [the claimant] has alleged; [the claimant] need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (quotation marks and citation omitted).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citation and

ORDER - 13

footnote omitted).  General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims.  *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995), *as amended* (Apr. 9, 1996)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why it discounted claimant's symptom claims).  "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison*, 759 F.3d at 1015 (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and (7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.  SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. § 416.929(c).  The ALJ is instructed to "consider all of the evidence in an

ORDER - 14

individual's record," to "determine how symptoms limit ability to perform work-related activities."  SSR 16-3p, 2016 WL 1119029, at *2.

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the evidence.  Tr. 1215.

The ALJ discounted Plaintiff's testimony as inconsistent with Plaintiff's reports of "doing well with treatment during the relevant period" and the overall medical record.  Tr. 1215.  These are legally valid reasons to discount Plaintiff's testimony.  *See Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability.") (citing 20 C.F.R. §§ 404.1520a(c)(1), 416.920a(c)(1)); *Carmickle*, 533 F.3d at 1161 ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.") (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995)).  Substantial evidence supports both grounds.  *See, e.g.*, Tr. 321 (November 25, 2013, treatment note indicating Plaintiff is "doing very well and denies any complaints.  He is tolerating Sprycel very well, with no side effects, and is very compliant with it."); Tr. 319 (February 24, 2014, treatment note indicating "[t]oday reveals a healthy and strong middle-aged man, in no discomfort."); Tr. 402 (September 25, 2015, treatment note indicating

ORDER - 15

Plaintiff was "treated with dasatinib 100 mg daily from Januay 2013 through June 2015" and "maintained molecular remission on desatinib"). The ALJ thus reasonably relied on these grounds to discount Plaintiff's testimony.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Brief, **ECF No. 8**, is **DENIED**.

2. Defendant's Brief, **ECF No. 12**, is **GRANTED**.

3. The Clerk's Office shall enter **JUDGMENT** in favor of Defendant.

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE**.

DATED January 5, 2026.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 16